UNITED STATES PLAYING CARD CO. v. A. G. SPALDING & BROS.

(Circuit Court of Appeals, Second Circuit. April 24, 1899.)

No. 141.

PATENTS—INFRINGEMENT—DUPLICATE WHIST TRAYS.

The Bisler patent. No. 525,941, for a duplicate whist tray, is not for a primary invention, but covers improvements only on existing trays, and its claims must be strictly limited to the improvements described. As so construed, *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The United States Playing Card Company brought a bill in equity, based upon the alleged infringement of letters patent No. 525,941, dated September 11, 1894, and issued to Gustav A. Bisler for an improved tray for playing duplicate whist. Two trays, respectively known as "Paine's Whist Tray" and "Kalamazoo Ideal Whist Tray," were sold by the defendants, and each was claimed to be an infringement. The decree of the Circuit Court found that claims 1 and 2 of the Bisler patent were valid, that the Paine tray infringed claim 1, and that the Kalamazoo tray infringed both claims. From this decree the defendants appealed to this court.

Frederick L. Chappell, for appellants.
Arthur von Briesen, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge.   The important predecessors of the Bis-
ler patent were the Paine & Sebring patent, No. 462,448, dated Novem-
ber 3, 1891, which was for a tray made of cloth board or fancy paper,
having upon its face four rubber bands or holders for holding the
various hands of cards, and the Woodbury patent, No. 434,469, dated
December 1, 1891, which described a case, made of flexible material,
having four flexible wings, which folded upon each other, each wing
having a pocket or inwardly opening envelope for containing the cards.
The Bisler tray had an upper and lower firm plate, with interposed
blocks at the corners of the lower plate and another interposed block
in its center, thus forming card-receiving pockets which are open in
front and have their sides and rear produced by the various blocks,
owing to the central position of the center block, whose corners are
adjacent to the inner corners of the several corner blocks.   The plates
are of the same size and a semicircular notch is cut away in each plate
to form finger spaces which enable the users to grasp the cards in-
serted in the pockets.   Springs are secured within the pockets, so that
the cards bear against the springs and are retained in position.   Claims
1 and 2 are as follows:

"(1) An apparatus for playing duplicate whist, consisting of a tray composed
of plates with intervening corner and central blocks, forming pockets closed
on their sides and inner ends, and open at the outer edge of the tray, sub-
stantially as described.

"(2) A tray, for the purpose set forth, consisting of the plates, B, B, having
the recesses, G, in their sides, the intervening blocks, C and D, forming the
pockets, E, closed at their sides and inner ends, and the springs, F, in said
pockets; said parts being combined substantially as described."

Before the date of this suit, no tray had ever appeared upon the
market which was made in accordance with the specification of the
Bisler patent.   The Kalamazoo tray has two plates; the top plate
being of smaller size than the bottom plate, so that a margin of about
three-fourths of an inch is left around each side of the upper plate.
It has intervening blocks, one at each corner and one at the center;
there being a space of about 1⅛ inches between the central block and
the inner corners of the corner blocks.   The pockets thus formed for
the cards are not entirely closed at their sides and inner ends, but the
corners of the inner block are adjacent to the several inner corners
of the corner blocks.   The lower board has a semicircular notch at
the edge of each side for finger spaces, so that the cards can be easily
introduced into and withdrawn from the pockets, and opposite each
one of these spaces there is in the lower board a raised spot, or "hump,"
which aids in forcing the cards against the upper plate.   The upper
plate of the Paine tray is of the same size as the lower plate, and is
separated from it by thin strips around the four outer edges of the
board.   Between the plates a slender frame of cross strips of thick
pasteboard is interposed, which makes with the side boards four pock-
ets for the cards.   At the outer end of each pocket a notch is cut from

the side strip, and from the lower board for finger spaces, and four rectangular pieces are cut or punched away in the upper board, so that, when it is placed over the notches in the lower board, open spaces are formed through which the cards are placed in the pockets. The pockets are without a spring.

The broad claim for plates and interposed blocks forming pockets for which Bisler first applied was limited, so that in claim 1 corner and central blocks form pockets closed on their sides and inner ends and open at the outer edge of the tray, and claim 2 requires recesses in the sides of the plates. The invention of the patent is an improvement upon that of Paine & Sebring, inasmuch as it has pockets between two plates, instead of a tray upon which the cards are held by rubber bands, and is an improvement upon the invention of Woodbury because its pockets are between the plates of a nonflexible tray, instead of being flexible pockets in flexible wings of a tray. It is not a primary invention, and the scope of the patent must be strictly limited in accordance with the limitation of the claims. The corners of the central blocks of the Kalamazoo tray are adjacent to the inner corners of the several corner blocks, and the pockets are sufficiently closed on their sides and inner ends to answer the requirements of the specification and of claim 1; but the Bisler tray consisted of two plates of the same size, and, if the pockets were open towards the player, they must be open at the outer edge of the tray. As the upper plate of the Kalamazoo tray is smaller than the lower plate, the pockets are not open at the outer edge of the tray; but a part of the lower board is between the pocket and the tray's outer edge, which is of manifest convenience for the easy insertion of the cards in the pockets. Claim 2 demands recesses in the sides of each plate; that is, finger spaces in each plate at each pocket, which are necessary to withdraw the cards when the plates are of the same size. In the Kalamazoo tray but one plate is recessed. For these reasons it does not infringe either claim. The Paine tray does not infringe claim 1 because its interposed frame and the sides of the upper plate are not the corner and central blocks of the Bisler patent. In claim 1, the patent was limited to a particular method of forming the pockets, so that pockets formed in a substantially different way are not within the claim. As the Paine tray has no springs, it is not claimed that it infringes claim 2.

The decree of the Circuit Court is reversed, with costs, and the case is remanded to that court, with instructions to dismiss this bill, with costs.